IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCOS da SILVA | : | |
| | : | |
| Petitioner, | : | 3:26-cv-1126 |
| | : | (JUDGE MARIANI) |
| v. | : | |
| | : | |
| WARDEN, FCI LEWISBURG, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

### I.    BACKGROUND

On April 29, 2026, Petitioner Marcos da Silva ("Petitioner"), a citizen of the Brazil

residing in the United States since 1999, filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner is detained within the Middle District of

Pennsylvania and names as Respondents, Warden of FCI Lewisburg, Todd Lyons, Acting

Director of ICE, and Field Office Director, ICE ERO Newark.

Petitioner entered the United States in 1999 on a B2 visitor visa and adjusted his

status to a conditional permanent resident in August 2005.  (Docs. 6 at 3, 6-2 at 2).  His

conditional permanent resident status was terminated based on his failure to timely file the

required petition.  (*Id.*).  In July 2008, Petitioner was issued a Notice to Appear charging him

as removable under Section 237(a)(1)(D)(i) of the Immigration and Nationality Act.  (*Id.*).

After several years of proceedings in the immigration court, Petitioner was ordered

removed from the United States to Brazil on December 2, 2015.  (*Id.*); (Doc. 6-2 at 3).  The

following year, an Immigration Judge ("IJ") granted his motion to reopen his removal proceedings. (*Id.*).

On August 7, 2025, Petitioner was arrested outside his residence by ICE/ERO and has remained detained since. (Doc. 6-2 at 2). Because Respondents are detaining Petitioner pursuant to 8 U.S.C. § 1226(a), he was afforded a bond hearing in October 2025. (*Id.*). At the bond hearing, an IJ found Petitioner was a danger to the community and denied bond.[1] (Docs. 6 at 2, 6-4 at 1). On March 23, 2026, an IJ ordered Petitioner removed to Brazil. (Doc. 6-5). Petitioner has appealed his removal order to the Board of Immigration Appeals and does not have a final order of removal.

In the petition, Petitioner seeks his immediate release or a second bond hearing. Respondents oppose the petition, claiming that Petitioner failed to exhaust his administrative remedies. (Doc. 6 at 2). Respondents further claim that neither Section 1226(a) nor due process entitle Petitioner to a second bond hearing before an IJ and that the Court lacks jurisdiction under 8 U.S.C. § 1226(e) to review the IJ's discretionary determination to deny bond. (*Id*).

## II.    **STANDARD OF REVIEW**

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S.

---

[1]    A review of Petitioner's Form I-213 indicates that Petitioner was twice convicted of DUI in 2005 and 2012. (Doc. 6-2 at 3). Petitioner was also arrested for simple assault-domestic violence on June 29, 2024, and June 27, 2025, although no party presented any information regarding the disposition of these charges. (*Id.*).

507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus."  *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).  It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody.  *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

Petitioner seeks his immediate release or a second bond hearing before an IJ.  As noted, Respondents have detained Petitioner for nearly ten months pursuant to 8 U.S.C. § 1226.  Section 1226(a) provides in relevant part:

**(a) Arrest, detention, and release**
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
   (1) may continue to detain the arrested alien; and
   (2) may release the alien on—
      (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
      (B) conditional parole; but

3

(3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). It is undisputed that Petitioner received a bond hearing before an IJ in October 2025 and was denied bond after an IJ determined he was a danger to the community.

Petitioner first challenges the nearly ten-month duration of his civil immigration detention. (Doc. 1 at 3). However, duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018). "Unlike § 1226(c) detainees . . . who were detained for prolonged periods without being given any opportunity to apply for release on bond," here Petitioner "was granted meaningful process prior to filing his habeas petition." *Id.* at 279-80. Accordingly, Petitioner is not entitled to habeas relief based on the duration of his detention under Section 1226(a).

To the extent Petitioner challenges the constitutionality of the procedures used by the IJ in denying bond and determining he was a danger to the community, those challenges lack merit. (Doc. 1 at 4-7). Although Petitioner claims that the IJ "did not require the Government to meet a clear and convincing standard," (*Id.* at 5), that standard does not apply here because his detention is governed by 8 U.S.C. § 1226(a). *See Borbot*, 906 F.3d at 279 (noting that, unlike § 1226(c), "under § 1226(a) the burden remains on the

4

detainee at all times").  After careful consideration, the Court finds Petitioner fails to allege any constitutional infirmities with the bond hearing that could entitle him to habeas relief and that any remaining claims raised in the petition lack merit.[2]  Accordingly, the Court will deny the petition.  *See Gonzalez Hernandez v. Warden*, 2026 WL 1725860, at *1 (M.D. Pa. June 15, 2026) (denying habeas relief where petitioner "already received two bond hearings" under Section 1226(a) failed to adequately challenge the "constitutionality of those determinations themselves").

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2]      To the extent Petitioner argues he is not a danger to the community, (Doc 1 at 8) the Court lacks jurisdiction to review the discretionary determinations of the IJ.  *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Chim v. Tsoukaris*, 2026 WL 1650938, at *3 (D.N.J. June 8, 2026) ("Here, Petitioner's challenge to the IJ's denial of bond based on him being a flight risk is a challenge to the IJ's credibility determinations and weighing of the evidence, which are discretionary determinations beyond the review of this Court.") (citing 8 U.S.C. § 1226(e)).  Should Petitioner demonstrate a material change in circumstances, he may seek a custody redetermination before an IJ. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").